UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- x
PABLO CALDERON,                                                  :
                                                                 :
                               Plaintiff,                        :
                                                                 :      **MEMORANDUM &**
          -against-                                              :      **ORDER**
                                                                 :
COBANK, *et al.*,                                                :      3:24-CV-1603 (VDO)
                                                                 :
                               Defendants.                       :
---------------------------------------------------------------- x

**VERNON D. OLIVER**, United States District Judge:

In November 2016, following a jury trial in the United States District Court for the District of Connecticut, Plaintiff Pablo Calderon was convicted of conspiracy to commit wire and bank fraud, 18 U.S.C. § 1349, and wire fraud, 18 U.S.C. § 1343. Since exhausting his direct appeals, Plaintiff, proceeding *pro se*, commenced this action against Judge Janet Hall, the United States District Court for the District of Connecticut (hereinafter, the "Judicial Defendants"), CoBank, ACB, and Deutsche Bank AG, New York Branch (hereinafter, the "Bank Defendants"), alleging the following causes of actions in connection with his convictions: (1) violation of his constitutional right to due process, (2) violation of his constitutional right to equal protection, and (3) violation of 28 U.S.C. § 1652.[1] Plaintiff has since withdrawn all requests for relief except for one request for declaratory relief.[2] Before the Court are Plaintiff's motions to hold in abeyance the instant complaint and to file a second amended complaint, and Defendants' motions to dismiss under Federal Rules of Civil

---

[1] First Amended Complaint ("FAC"), ECF No. 11.

[2] ECF No. 38 at 2 (requesting leave to file a second amended complaint and representing that the "SAC drops three of those remedies sought [in the FAC] and only maintains the declaratory relief").

Procedure 12(b)(1), 12(b)(5), and 12(b)(6). For the reasons set forth below, Plaintiff's motions to stay the proceedings and to file a second amended complaint are **denied**, and the motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction is **granted**.

## I. BACKGROUND

### A. Criminal Action

In November 2016, Plaintiff was convicted of wire fraud in violation of 18 U.S.C. § 1343 and conspiracy to commit wire fraud and bank fraud in violation of 18 U.S.C. § 1349.[3] Following the guilty verdict, Plaintiff was sentenced by Judge Hall to five months' imprisonment, three years of supervised released, and Plaintiff was ordered to pay restitution.[4] Plaintiff's convictions arose from a scheme to defraud two financial institutions—Deutsche Bank and CoBank—in connection with an export guarantee program administered by the United States Department of Agriculture ("USDA").[5] Plaintiff "falsified shipping documents and presented these documents to the banks, thereby facilitating the release of millions of dollars in USDA-guaranteed loans to foreign banks."[6] The Second Circuit affirmed Plaintiff's conviction and reversed the restitution order on direct appeal, remanding the case with instructions that the judgment be amended to omit the portion stating that Plaintiff must pay restitution.[7] Plaintiff then filed a petition for writ of certiorari to the United States Supreme Court, which ultimately was denied.[8]

---

[3] *United States v. Calderon*, 944 F.3d 72, 78 (2d Cir. 2019)

[4] *Id.* at 84.

[5] *Id.* at 78.

[6] *Id.*

[7] *Id.* at 97.

[8] *Calderon v. United States*, 141 S.Ct. 953 (2020).

Plaintiff has since pursued unsuccessful collateral challenges to his conviction. First, Plaintiff filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and a separate civil case was opened to deal with the Section 2255 motion on May 25, 2021.[9] Judge Hall denied the motion on June 27, 2022 and denied a certificate of appealability.[10] The United States Court of Appeals for the Second Circuit dismissed Petitioner's notice of appeal.[11] Then, Plaintiff filed an amended petition for writ of habeas corpus, which this Court dismissed on November 12, 2024.[12] The appeal of the dismissal of the habeas corpus petition remains pending before the Second Circuit.[13]

B.     **Instant Action**

After commencing this action, Plaintiff filed an amended complaint on October 8, 2024, alleging violations of his constitutional rights to due process and equal protection and his rights under 28 U.S.C. § 1652.[14] Plaintiff has since withdrawn all of his requests for relief except for a request for declaratory relief: "A declaratory judgment that the [Uniform Commercial Code ("UCC")] of the respective states determines the rights and obligations of the parties to a letter of credit, whether the issue arises in a civil case or in a criminal case."[15]

---

[9] *See Calderon v. U.S.A.*, No. 21-CV-724 (JCH) (D. Conn.).

[10] *Calderon v. United States*, No. 21-CV-724 (JCH), 2022 WL 2315655, at *6 (D. Conn. June 27, 2022).

[11] *Calderon v. United States*, No. 22-1427, 2022 WL 19571491, at *1 (2d Cir. Nov. 30, 2022).

[12] *Calderon v. U.S. Prob. Off.*, No. 24-CV-1595 (VDO), 2024 WL 4753521, at *1 (D. Conn. Nov. 12, 2024).

[13] *Calderon v. U.S. Prob. Off.*, No. 24-3050 (2d Cir.).

[14] FAC ¶ 19.

[15] ECF No. 38 at 2.

## II. DISCUSSION

### A. Motion to Hold Complaint in Abeyance

Plaintiff moves to hold the instant complaint in abeyance, which the Bank Defendants oppose.[16]

This case involves the less common scenario in which a plaintiff, as opposed to a defendant, is seeking to stay the proceedings. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).[17] "The person seeking a stay 'bears the burden of establishing its need.'" *Louis Vuitton*, 676 F.3d at 97 (quoting *Clinton v. Jones*, 520 U.S. 681, 708 (1997)). Deciding whether to stay a proceeding "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

The Court finds that Plaintiff has not established a need for a stay. As an initial mater, Plaintiff acknowledges that he does not identify any hardship in proceeding with this action.[18] Instead, Plaintiff asserts that there would no longer be a justiciable controversy in this case if his convictions are overturned in the habeas case pending before the Second Circuit.[19] While the promotion of judicial economy is "frequently viewed as relevant to the public interest,"

---

[16] ECF Nos. 51–53.

[17] Unless otherwise indicated, this order omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions, and adopts alterations contained therein.

[18] ECF No. 53 at 1.

[19] ECF No. 51 at 3.

4

*Estate of Heiser v. Deutsche Bank Tr. Co. Americas*, No. 11-CV-1608, 2012 WL 2865485, at *5 (S.D.N.Y. July 10, 2012), the countervailing considerations flagged by Defendants show that a stay would not serve the "interests of justice." *Louis Vuitton*, 676 F.3d at 97. Courts must determine "the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.* at 99. The ripe motions to dismiss filed by Defendants address several issues that are not implicated in Plaintiff's other actions, including accusations that Defendants violated Plaintiff's civil rights and thus, a stay does not necessarily promote judicial economy. And "[j]ust as plaintiffs have a right to their day in court, defendants have a right to timely defend themselves against plaintiffs' accusations." *Pal v. Cipolla*, No. 18-CV-616, 2024 WL 2746865, at *8 (D. Conn. May 29, 2024). Staying this case would cause injury to the interests of Defendants in obtaining a timely resolution to the "accusations … [hanging] over their heads." *Id.*

Accordingly, the Court denies the request for a stay. *See Landis*, 299 U.S. at 255 (requiring a party to show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to [someone] else").

### B. Motion to Dismiss

Defendants now move to dismiss the FAC,[20] which Plaintiff opposes,[21] and the parties have filed replies and a sur-reply.[22] Stripped to essentials, Plaintiff's request for relief is nothing more than a collateral attack on his criminal conviction, and there is no doubt that Plaintiff has other avenues to appeal his conviction. While Plaintiff has availed himself of

---

[20] ECF Nos. 34, 46

[21] ECF No. 39

[22] ECF Nos. 40, 44, 50

some of those mechanisms, Plaintiff has also filed this action requesting declaratory judgment, asserting that civil rights violations pervaded his criminal action. But, as discussed below, the Court finds that the *Admiral Insurance* factors counsel in favor of abstaining from adjudicating this declaratory judgment action.

"A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court 'lacks the statutory or constitutional power to adjudicate it,'" such as when "the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 416–17 (2d Cir. 2015). "A Rule 12(b)(1) motion challenging subject matter jurisdiction may be either facial or fact-based." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). When the Rule 12(b)(1) motion is facial, "*i.e.*, one 'based solely on the allegations of the complaint or the complaint and exhibits attached to it,' plaintiffs have no evidentiary burden, for both parties can be said to rely solely on the facts as alleged in the plaintiffs' pleading." *Katz v. Donna Karan Co.*, 872 F.3d 114, 119 (2d Cir. 2017) (quoting *Carter*, 822 F.3d at 57). The pleading must "show[] by a preponderance of the evidence that subject matter jurisdiction exists." *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003). In considering a Rule 12(b)(1) motion to dismiss for lack of standing, courts in this Circuit construe "the complaint in [the] plaintiff's favor and accept[] as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012).

"Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants[,]" because "the statute provides that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration.'" *Wilton v. Seven Falls Co.*, 515

U.S. 277, 286 (1995) (quoting 28 U.S.C. § 2201(a)). The Second Circuit has enumerated six factors that inform a district court's exercise of such discretion:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal issues involved; (2) whether such a judgment would finalize the controversy and offer relief from uncertainty; (3) whether the proposed remedy is being used merely for procedural fencing or a race to res judicata; (4) whether the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a state or foreign court; (5) whether there is a better or more effective remedy; and (6) whether concerns for judicial efficiency and judicial economy favor declining to exercise jurisdiction.

*Admiral Ins. Co. v. Niagara Transformer Corp.*, 57 F.4th 85, 96, 99–100 (2d Cir. 2023).

As to Plaintiff's remaining request for a declaratory judgement that the UCC of the States of Colorado or New York apply to the letters of credit ("LC") underlying the related criminal case, the Court finds that a multitude of factors point against continuing this declaratory judgment action. The first two factors particularly counsel against the exercise of such discretion. The declaratory relief Plaintiff seeks would not "serve a useful purpose in clarifying or settling the legal issues involved" or "finalize the controversy and offer relief from uncertainty," as Plaintiff's request only seeks to recognize a past wrong; he does not seek to prevent an ongoing or future violation of federal law. The thrust of Plaintiff's request for relief, and of Plaintiff's action, is that Defendants' purported errors in instructing the jury and rulings on the application of the UCC in the related criminal proceedings led to unfavorable outcomes in Plaintiff's criminal case and related habeas petitions.[23] Put another way, Plaintiff

---

[23] *E.g.*, FAC ¶ 3 ("The Jury charge is devoid of any reference to UCC."); *id.* ¶ 7 ("Plaintiff claims that the refusal to apply UCC is a denial of Plaintiff's constitutional rights to due process and equal protection and a violation of the Rules of Decision Act. 28 U.S.C. § 1652."); *id.* ¶ 22 ("After the trial presided by Defendant Judge Hall, the Defendant District Court, contrary to UCC, erroneously found that the confirming banks had the right to dishonor the presentations because criminal defendants changed the stamps of *copy* bills of lading.").

seeks to relitigate the validity of his convictions in this civil action based on arguments that he has already made in the underlying criminal actions.[24] But a declaratory judgment action is not a substitute for a direct appeal, which Plaintiff has already pursued. And there is no dispute that the legal issues related to Plaintiff's conviction are well-settled, as the Second Circuit has affirmed his convictions.

Concerning the fifth factor, there exists a better or more effective remedy to collaterally attack his convictions, namely a writ of error *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, or a writ of habeas corpus pursuant to the habeas provisions in 28 U.S.C. §§ 2241 and 2255. The writ of error *coram nobis*, an extraordinary remedy that serves as a remedy of last resort, traditionally has been utilized by courts to correct errors within their own jurisdiction. *United States v. Rutigliano*, 887 F.3d 98, 108 (2d Cir. 2018); *Ogunwomoju v. United States*, 512 F.3d 69, 75 (2d Cir. 2008).[25] The writ "typically is available only when habeas relief is unwarranted because the petitioner is no longer in custody" and "strictly limited to those cases in which errors of the most fundamental character have rendered the proceeding itself irregular and invalid." *Rutigliano*, 887 F.3d at 108. Plaintiff acknowledges the availability of the writ, noting that if his convictions are not overturned in the habeas case, that controversy could be the subject of a petition for writ of error *coram nobis*.[26] Under these

---

[24] *Calderon*, 2022 WL 2315655, at *4 ("This court will not reconsider the materiality of Calderon's statements, which has been resolved by this court, the jury, and the Second Circuit's mandate.").

[25] "To secure *coram nobis* relief, a petitioner must show that (1) 'there are circumstances compelling such action to achieve justice,' (2) 'sound reasons exist for failure to seek appropriate earlier relief,' and (3) 'the petitioner continues to suffer legal consequences from his conviction that may be remedied by granting of the writ.'" *Rutigliano*, 887 F.3d at 108 (quoting *Foont v. United States*, 93 F.3d 76, 79 (2d Cir. 1996)).

[26] ECF No. 51 at 3.

circumstances, where another remedy remains available, the fifth *Admiral Insurance* factor is particularly implicated and weighs heavily against the exercise of discretion to adjudicate a declaratory judgment action. *See Katzenbach v. McClung*, 379 U.S. 294, 295 (1964) (explaining that declaratory relief "should not be granted where a special statutory proceeding has been provided"); *see also Venetucci v. Dep't of State*, No. 05-CV-2174, 2005 WL 1521190, at *4 (E.D.N.Y. June 21, 2005) (similar).

Accordingly, because the relevant *Admiral Insurance* factors indicate that the declaratory judgment action is improper, the Court declines to exercise jurisdiction and dismisses Plaintiff's claims in their entirety. The motions to dismiss under Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure are therefore denied as moot.

### C. Motion To Amend

Plaintiff also seeks leave to file a second amended complaint, which Defendants oppose.[27]

While leave to amend a complaint should be freely granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008). The Second Circuit has cautioned that a *pro se* plaintiff should be provided the opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it

---

[27] ECF Nos. 38, 41, 47, 49.

might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).

Here, considering Plaintiff has already filed an amended complaint, the Court concludes that another opportunity to amend the complaint would be futile because Plaintiff has not indicated "how further amendment would permit him to cure the deficiencies in the [amended] complaint." *Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 140 (2d Cir. 2011). The flaws in the FAC as expressed herein rule out any possibility that Plaintiff would succeed in re-pleading a declaratory judgment action. Indeed, Plaintiff's proposed second amended complaint simply drops certain types of relief sought in the operative complaint and, in light of the Judicial Defendants' absolute immunity, only maintains the request for declaratory relief.[28] It would be futile to replead facts in light of the Second Circuit's guidance in restricting declaratory judgment actions in contexts found here, where the requested relief speaks solely to past conduct and Plaintiff can avail himself of a more effective remedy.

## III. CONCLUSION

For the reasons stated above, the Court declines to exercise its discretion under the Declaratory Judgment Act and dismisses Plaintiff's claims in their entirety. Plaintiff's motions to hold the complaint in abeyance and to file a second amended complaint are **denied**.

**SO ORDERED.**

Hartford, Connecticut
May 27, 2025

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

---

[28] ECF No. 38 at 2.